# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JOSE MARTINEZ,

    *Defendant.*

Case No. 12-10211-05-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on the Government's motion in limine. The Government requests a ruling to allow it to present evidence of Defendant Jose Martinez's flight prior to trial, evidence that Martinez resided in Mexico during the time he was a fugitive, and evidence that he used a different name while he was a fugitive. The Court held a hearing on September 18, 2017. Upon review of the parties' arguments, the Court concludes that the Government's evidence is admissible. Accordingly, the Court grants the United States' Motion in Limine (Doc. 203).

### I.     Factual and Procedural Background[1]

On September 17, 2012, Martinez was arrested for allegedly distributing 500 grams or more of methamphetamine. During the intake procedure, Martinez identified himself as Jose

---

[1] The Court takes the following facts from the evidence proffered at the motion hearing and, where undisputed, from the parties' briefs.

Alejandro Martinez, and identified his alias as "Alex Martinez." An indictment was filed on September 19, charging Martinez with violations of 21 U.S.C. § 841 and 18 U.S.C. § 2. Martinez was released on bond that same date. A superseding indictment was filed on November 6, 2012, charging Martinez with an additional count of conspiracy to distribute methamphetamine. Martinez and his co-defendants appeared in Court before U.S. District Judge Monti Belot. On November 14, Martinez was arraigned before U.S. Magistrate Judge Karen Humphreys.

But on November 29, Magistrate Judge Humphreys issued a warrant for Martinez's arrest. According to the petition, Jose Martinez's mother, Raquel Martinez, contacted a U.S. Pretrial Services Officer on November 23 and expressed concern for her son's well-being. She stated that he should have been home by 8:00 p.m., and noted that his car was parked in the driveway. Raquel Martinez called again on November 24; she conveyed that Jose Martinez did not make it home and his whereabouts were currently unknown. Between November 23 and November 29, Jose Martinez did not report to work, and he did not attempt to contact his family, attorney, or the Pretrial Services Office.

The parties agree that Martinez returned to Mexico around this time. It is unclear exactly how long he remained in Mexico, but he eventually returned to work in Wichita, Kansas under the name "Alex Martinez." The U.S. Marshals located him and he was arrested on April 19, 2017. Upon his arrest, Martinez explained to the U.S. Marshals that he knew he had a warrant issued for his arrest, and "he ran because he was young and scared." Martinez offered no objection to this evidence, but explained that he returned to Mexico in November 2012 because he had a pregnant girlfriend living there, and he went to be with her for the birth of their child.

II.     Discussion

The Government now seeks to present evidence that Martinez fled to Mexico and attempted to conceal himself using a false identity to avoid going to trial on the crimes charged. According to the Government, Martinez fled to Mexico after the superseding indictment was filed in November 2012 and remained there until April 2017 when he returned to the District of Kansas to work under a false identity. Martinez claims his trip to Mexico was unrelated to this criminal matter, as he wanted to be present for the birth of his child. He argues that the probative value of evidence of his stay in Mexico and his use of the name "Alex Martinez" is substantially outweighed by the danger of unfair prejudice and should be excluded.

While the flight evidence is closely related to the false identity evidence, they are distinct legal issues and the Court will address each issue separately.

A.     **Evidence of Flight**

All relevant evidence is admissible, unless excluded under another rule of evidence.[2] But the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.[3]

Evidence of pre-trial flight has been viewed as an admission by conduct which expresses consciousness of guilt.[4] "The law is entirely well settled that the flight of the accused is competent evidence against him as having a tendency to establish his guilt."[5] But its probative value depends upon the degree of confidence with which four inferences can be drawn: "(1) from

---

[2] Fed. R. Evid. 402.

[3] Fed. R. Evid. 403.

[4] *United States v. Martinez*, 681 F.2d 1248, 1256 (10th Cir. 1982).

[5] *Allen v. United States*, 164 U.S. 492, 499 (1896).

the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged."[6] "[F]light evidence carries with it a strong presumption of admissibility."[7]

Martinez argues that his sojourn in Mexico was not "flight" because he appeared in Court for the complaint, indictment, superseding indictment, and the arraignment. The case had been proceeding for more than two months before he returned to Mexico for the birth of his child. True, the inference of guilt grows weaker as the time between the commission of the offense and the flight grows longer.[8] But Martinez left for Mexico less than nine days after he was arraigned on an additional conspiracy count. This short lapse of time does not foreclose a reasonable inference that Martinez left the District of Kansas in an effort to avoid prosecution. Thus, Martinez's behavior can reasonably be classified as "flight."

Furthermore, Martinez's flight and subsequent behavior gives rise to a reasonable inference that Martinez fled to Mexico because he felt guilty about the crimes charged because he, in fact, committed those crimes. Martinez left for Mexico without notifying his family, employer, attorney, or the Government. This behavior is not indicative of a person embarking on a pre-planned expedition. In addition, Martinez explained to the U.S. Marshals in April 2017 that he knew he had a warrant issued for his arrest, and "he ran because he was young and

---

[6] *United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005) (quoting *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977)) (internal quotations omitted); *see also United States v. Smith*, 1997 WL 50294, at *3 (D. Kan. 1997).

[7] *Martinez*, 681 F.2d at 1256.

[8] *See United States v. Silverman*, 861 F.2d 571, 582 n.4 (9th Cir. 1988) ("Evidence that a defendant fled immediately after a crime was committed supports an inference that the flight was motivated by a consciousness of guilt of *that* crime. As the time between the commission of the offense and the flight grows longer, the inference grows weaker.") (emphasis in original).

scared." These facts permit reasonable inferences to be drawn concerning the second, third, and fourth factors: Martinez's flight was the result of consciousness of guilt, concerning the crimes charged, because Martinez knew he was guilty of those crimes. The flight evidence is therefore probative and relevant.

And even though Martinez may have a non-nefarious explanation for his trip to Mexico, the fact that his flight is subject to varying interpretations does not lead inevitably to the conclusion that it is inadmissible.[9] "Where the evidence passes the threshold inquiry of relevance, the accepted technique is for the judge to receive the evidence and permit the defendant to bring in evidence in denial or explanation."[10] Here, the flight evidence is probative and relevant, and Martinez has failed to articulate how this evidence would cause him unfair prejudice. Accordingly, evidence of Martinez's trip to Mexico is admissible as evidence of his consciousness of guilt. The weight of that evidence will be determined by the jury.

**B.      Evidence of Attempts to Conceal Identity**

A jury can also infer a defendant's guilty conscience from evidence of the defendant's use of a false identity or other attempts to conceal his identity.[11] Despite the dearth of case law on this issue, most courts tend to analyze the admissibility of false identity evidence under the flight evidence framework.[12] Accordingly, the probative value of Jose Martinez's use of the

---

[9] *See United States v. Steele*, 390 F. App'x 6, 12 (2d Cir. 2010) (quoting *United States v. Amuso*, 21 F.3d 1251, 1258 (2d Cir. 1994)).

[10] *Id.*

[11] *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986).

[12] *See, e.g.*, *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) (holding that "evidence of a defendant's flight and attempts to conceal or falsify identity may be presented at trial as probative of a 'guilty mind' if 'there is an adequate factual predicate creating an inference of guilt of the crime charged' " under Fed. R. Evid. 401 and 403); *Silverman*, 861 F.2d at 581–82 (applying the four factor flight evidence test to determine admissibility of defendant's use of a false identity).

name "Alex Martinez" depends upon the degree of confidence with which four inferences can be drawn: (1) the defendant's behavior constituted an attempt to conceal his identity; (2) this concealment was the result of consciousness of guilt; (3) the defendant's guilt related to the crime charged; and (4) the defendant felt guilty about the crime charged because he, in fact, committed the crime.

Martinez contends that he never changed his name in an attempt to conceal his identity. He points out that when he was originally arrested in this case, he told the police that he often uses the name "Alex" as the shortened version of his middle name Alejandro. Because "Alex Martinez" was his nickname well before this case began, and he informed the Government of that nickname, he argues that he has not attempted to conceal his identity.

The Government counters that Jose Martinez began using "Alex Martinez" as his legal name once he absconded in November 2012, which constitutes an attempt to conceal his identity. Specifically, the Government asserts that when Martinez returned to the United States in 2017, he started working at a new job. But he told his employer his name was "Alex Martinez," instead of his real name. The Government theorizes that Martinez had to conceal his true identity because a background check would have revealed he had a warrant for his arrest.

Here, the facts indicate that Martinez represented to the police in 2012 that his legal name was "Jose," but he was also known as "Alex." However, he abandoned "Jose" and started using "Alex" exclusively from the time he absconded to Mexico until his 2017 arrest. These facts give rise to the reasonable inference that he was concealing his true identity to evade arrest and prosecution for the crimes he has been charged with. Additionally, these facts also give rise to the reasonable inferences that: Martinez's behavior was the result of consciousness of guilt; his

guilt related to the crimes charged; and he felt guilty about the crimes charged because he, in fact, committed those crimes.

Because this evidence is relevant, it will only be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. But Martinez has again failed to articulate how the evidence would cause him unfair prejudice. Thus, the Government may present evidence that Jose Martinez began using the name "Alex Martinez" in an effort to avoid prosecution.

### III. Conclusion

The Government sufficiently demonstrated the relevance of the flight and false identity evidence. Because Martinez was unable to establish that its probative value is substantially outweighed by a danger of unfair prejudice, this evidence is admissible. The Government may present evidence of Martinez's flight prior to trial, evidence that Martinez resided in Mexico during the time he was a fugitive, and evidence that the defendant used a different name while he was a fugitive.

**IT IS THEREFORE ORDERED** that the United States' Motion in Limine (Doc. 203) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated this 19th day of September, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE